IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 98-334-1 |
| v. | : | |
| | : | |
| REINALDO ROSARIO | : | |

MEMORANDUM RE: MOTION FOR REDUCTION IN SENTENCE

Baylson, J.                                                                                      September 24, 2009

I.   **Facts and Procedural History**

In July 1998, Defendant, Reinaldo Rosario, was charged in an indictment with conspiracy to distribute more than 50 grams of crack cocaine and more then one kilogram of heroin in violation of 21 U.S.C. § 846 (Count 1) and with criminal forfeiture, pursuant to 21 U.S.C. § 853 (Count 11). (Pre-Sentence Report ("PSR") at 1). These charges arose from Defendant's alleged involvement in a drug distribution organization in North Philadelphia from May 1996 through June 1998. (Id. at 1-2). Defendant was also an alleged leader of this organization, in control of the crack sales. (Id. at 2). Although Defendant had been arrested in April 1997 on an unrelated homicide charge, according to testimony of a cooperating witness, Defendant continued to run the organization from prison through June 1998. (Id. at 6).

Defendant pled guilty to the charge of conspiracy on November 10, 1998. (Id. at 1). He was sentenced on January 26, 2001, at which time the District Court adopted the sentence recommended by the Probation Department in its Pre-Sentence Report. The PSR indicated that approximately 16.8 kilograms of cocaine base (crack cocaine) was attributable to Defendant and that, as a result, Defendant's base offense level was 38 under § 2D1.1(a)(3) of the United States

1

Sentencing Guidelines ("U.S.S.G.").[1]  (Id. at 11).  Pursuant to § 2D1.2(a)(1), two points were added because the offense occurred near a protected location.  (Id. at 12).  An additional two points were added pursuant to § 2D1.1(b)(1) because two members of the organization were found in possession of a dangerous weapon, and another four points were added under § 3B1.1(b) because Defendant was the founder, organizer, and leader of the conspiracy.  (Id.).  After subtracting two points for acceptance of responsibility under § 3E1.1(a), the Probation Department found Defendant to have a total offense level of 42.  (Id.).

According to the PSR, Defendant had several prior convictions, two of which involved controlled substances, and Defendant committed the instant offense while on probation.  (Id. at 13-14).  Under 21 U.S.C. § 841(b)(1)(A), if an individual violates that statute "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release."  As such, the Probation Department noted that Defendant was subjected to a statutory mandatory term of life imprisonment, regardless of his offense level under the Guidelines.  (PSR at 17-18).  Defendant was sentenced to life imprisonment on January 26, 2001.

## II.     Defendant's Motion

On April 20, 2009, Defendant filed a "Motion Under Title 18 § 3582(c)(2) and Sentencing Guideline § 1B1.10," with an attached Memorandum.  (Doc. 538).  In that Motion

---

[1] Notably, the 16.8 grams attributed to Defendant only represented a "conservative estimate" of the amount of crack cocaine that was distributed during the organization between May 1996 and April 1997, when the Defendant was arrested. (PSR at 6).  That amount did not include any drugs attributed to the organization after Defendant was incarcerated.
  Moreover, the Probation Department did not factor in the amount of heroin attributable to Defendant because the amount of crack cocaine involved resulted in the highest base offense level.  Thus, the amount of heroin did not affect the computation of the offense level.

and Memorandum Defendant made several arguments as to why this Court should reconsider his sentence.

First, Defendant asserts that he should not have been given the two point enhancement for possession of a dangerous weapon because the possession of his co-conspirators should not be attributed to Defendant.  Second, Defendant argues that the sentencing court was unreasonable in considering Defendant's participation in the conspiracy through 1998; Defendant disputes that he continued to participate in the organization after his arrest on the homicide charge.

Finally, Defendant requests this Court reconsider the sentence based on the decision in Kimbrough v. United States, 552 U.S. 85,  128 S. Ct. 558 (2007).  Defendant argues that since the Court has discretion to follow the Guidelines, this Court should take into account the sentencing disparity between crack cocaine and powder cocaine and revise the sentence accordingly.

### III.  Discussion

Defendant brought his motion under 18 U.S.C. § 3582.  Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . , the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, for Defendant to be eligible for a reduction, his sentence must be "based on" a sentencing range that was subsequently lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Importantly, U.S.S.G. § 1B1.10 identifies the Amendments that may be retroactively applied pursuant to the authority granted in § 3582(c)(2).

In his § 3582 Motion, Defendant did not actually identify a particular amendment to the Guidelines that would entitle him to a lower sentence. However, the Sentencing Commission recently amended the Guidelines to adjust the base offense levels for offenses involving crack cocaine, the type of offense for which Defendant was sentenced. This Court will therefore treat Defendant's motion as a request for reduction based on those amendments. The Sentencing Commission added those Amendments, 706 and 715, to the list in § 1B1.10, effective March 3, 2008 and May 1, 2008 respectively. As a result, prisoners sentenced pursuant to § 2D1.1 for crack cocaine offenses are entitled to request a reduction in their sentences under § 3582(c)(2).

Although Defendant was sentenced for a crack cocaine offense, he was ultimately sentenced based on a statutory mandatory minimum. As such, the Amendments to § 2D1.1 would not have had any actual impact on the sentence imposed because the mandatory minimum applies regardless of the base offense level. This Court has recently recognized that "a defendant is [] not entitled to a reduction in sentence merely because he was convicted of or pled guilty to a cocaine base offense; rather, the defendant is eligible for a reduction only if his sentence would have been lower had it been imposed after the amendments." United States v. Cordero, 2009 WL 1313305, at *2 (E.D. Pa. May 11, 2009).

In Cordero, this Court rejected the defendant's argument that he was eligible for a reduction where the Court calculated and even "consulted" the defendant's base offense level under the statute to determine the defendant's sentence pursuant to a downward departure from a statutory mandatory minimum. Id. This Court explained that the defendant's sentence was not based on the amended sentencing guidelines but on the mandatory minimum and a departure therefrom. Id. In reaching that conclusion, this Court cited to a recent Third Circuit opinion,

4

Sanchez-Cordero v. United States, 2009 WL 624063, at *1 (3d Cir. 2009), summarily affirming the District Court's refusal to grant a reduction under § 3582(c)(2) where the defendant had been sentenced to a mandatory minimum for a cocaine base offense. The Third Circuit explained that a mandatory minimum cannot be altered by any amendments to the Sentencing Guidelines and thus Amendment 706 did not have the effect of lowering the defendant's sentence. Cf. United States v. Reece, 2008 WL 4580086 (5th Cir. Oct. 15, 2008) (concluding the defendant was not eligible for a reduction of sentence based on Amendment 706 because he received the mandatory minimum statutory penalty); United States v. Jones, 2008 WL 5227296 (9th Cir. Dec. 15, 2008) (same).

As for Defendant's arguments about attributing the dangerous weapons to Defendant or the sentencing court's consideration of Defendant's participation in the conspiracy through 1998, neither of those arguments are properly before the Court on a § 3582 motion. Defendant has not identified any Amendment addressing those issues that has been retroactively applied and would have resulted in a lower sentence for Defendant.[2]

Finally, this Court must reject Defendant's argument that he is entitled to a revised sentence based on this Court's discretion to determine a sentence under United States v. Booker, 543 U.S. 220, 224 (2005), and in light of Kimbrough's conclusion that a court may specifically use that discretion to consider the crack cocaine / powder cocaine disparity, 552 U.S. at 564. The Third Circuit has squarely addressed this question, explaining that "Booker applies to full

---

[2]On a substantive level, this Court notes that the Probation Department, in determining the applicable base offense level, only relied on the amount of crack cocaine distributed by the organization up until Defendant was arrested in April 1997. (PSR at 6).

sentencing hearings-whether in an initial sentencing or in a resentencing where the original sentence is vacated for error, but not to sentence modification proceedings under § 3582(c)(2)." United States v. Doe, 564 F.3d 305, 312 (3d Cir.2009). Furthermore, the Third Circuit extended this reasoning to situations where a defendant is actually eligible for resentencing under § 3582(c)(2), concluding that "Booker does not apply to the size of a sentence reduction that may be granted under § 3582(c)(2)." U.S. v. Dillon, 72 F.3d 146, (3d Cir. 2009). Given those decisions, Defendant is not entitled to reconsideration of his sentence on a § 3582 motion based solely on this Court's discretion to determine sentences.

       An appropriate Order follows.

O:\Criminal Cases\98-334-1, USA v. Rosario\USA v. Rosario memo.wpd